THE PEOPLE *ex rel.* FRED A. MAUCK, Director, Illinois Department of Insurance, Plaintiff-Appellant, *v.* MUNICIPAL EMPLOYEES' ANNUITY AND BENEFIT FUND OF CHICAGO *et al.*, Defendants-Appellees.

(No. 61013; )

First District (4th Division)—November 26, 1975.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert Retke, Assistant Corporation Counsel, of counsel), for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Cook County, denying injunctive relief to the plaintiff, Fred A. Mauck, Director of the Illinois Department of Insurance (hereinafter called Director of Insurance). In finding for the defendant, Municipal Employees' Annuity and Benefit Fund of Chicago (hereinafter called Municipal Fund), the Circuit Court held: (1) section 22—509 of the Illinois Pension Code does not authorize the Director of Insurance to file a complaint to review a factual determination by an official of a governmental pension unit, and (2) the issue in the instant case did present such a question of fact.

The only issue on appeal is whether the decision of the Municipal Fund to change an individual's pension from Duty Disability to Ordinary Disability was improper as a matter of law when the injury complained

of was caused by surgery which was undertaken with the hope of recovery from a previous injury received while on duty.

This cause was instituted by the Director of Insurance on behalf of Mr. Merton Freeman, a municipal employee and member of the Municipal Fund.

On July 3, 1969, Mr. Freeman was injured while on duty. The damage was to his lower left rib cage. From July 9, 1969, until June 30, 1972, Mr. Freeman was granted Duty Disability, which was interrupted by brief periods in which he worked and a period attributed to accrued vacation. On May 27, 1971, with hope of recovery, Mr. Freeman submitted to surgery which, apparently, added to his disability. On July 1, 1972, the Municipal Fund changed his Duty Disability Pension to Ordinary Disability Pension.

The Director of Insurance issued a report of special investigation of the Municipal Fund on January 4, 1973. This report found, among other findings, that the action changing Mr. Freeman's Duty Disability Pension to Ordinary Disability Pension was arbitrary and unreasonable.

On March 12, 1973, the Director of Insurance sent notice of its findings to the Municipal Fund. Subsequent to the Fund's noncompliance with the Director's recommendations, the Director of Insurance, through the Attorney General of Illinois, filed a complaint in the Circuit Court of Cook County on November 30, 1973. The defendant, Municipal Fund, moved to dismiss that count of the complaint dealing with the Fund's decision to change Mr. Freeman's Disability Pension, arguing that the Pension Code does not authorize the Director of Insurance to file a complaint to review a factual determination by an official of a governmental pension unit, and the issue in this case did present such a question of fact. The Circuit Court granted the defendant's motion to dismiss. The court noted Mr. Freeman could have properly proceeded under the Administrative Review Act, pursuant to section 8—252 of the Pension Code (Ill. Rev. Stat. 1963, ch. 108½, § 8—252), and section 2 of the Administrative Review Act (Ill. Rev. Stat. 1945, ch. 110, § 265). From that order the plaintiff-appellant has perfected this appeal.

Since the Attorney General of Illinois has accepted the trial court's determination that section 22—509 of the Pension Code does not authorize the Director of Insurance to act through the Attorney General or State's Attorney to overturn a factual determination by the Municipal Fund, the only issue presented is whether the decision of the Municipal Fund to change Mr. Freeman's pension from Duty Disability to Ordinary Disability involved a factual determination. The trial court found it did require a factual determination, and we agree.

We hold the trial court's finding in this regard was correct.

For the reasons stated herein, the order of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.